UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| VANESSA HURLEY, | Case No. 3:20-cv-00448 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| COURT OF CLAIMS, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Vanessa Hurley is a resident of Dayton, Ohio. She alleges in her *pro se* Complaint that the State of Ohio has stolen her child-custody support over the past forty years, and she has the paperwork to prove it. She seeks a judgment in her favor and an award of ten-million dollars for the injustice, discrimination, and pain and suffering she has endured for forty years. (Doc. No. 2, PageID 24).

The Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. This triggered the present need to review her Complaint *sua sponte* to determine whether it, or any portion of it, must be dismissed for failing to raise a plausible claim for relief or because it is factually or legally frivolous. *See* § 1915(e); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Barnett v. Kalamazoo Cnty. Comty. Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. 2018). A claim is plausible when the complaint's factual allegations "'raise a right to

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

relief above the speculative level,'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (citations omitted), and create a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[C]onclusory statements do not suffice." *Id.*

A complaint is dismissed as frivolous only when it fails to raise "'a claim with an arguable legal claim based on rational facts.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A rational factual basis is absent when the complaint's allegations are "fantastic or delusional." *Id.* No arguable legal claim exists when the complaint rests on "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *See id.* When conducting an initial review, the Court accepts as true a complaint's factual allegations, *Hill*, 630 F.3d at 471, and liberally construes *pro se* complaints in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999); *see also Lee v. Wilson Cnty. Jail, Lebanon*, No. 16-5981, 2017 WL 2819220, at *1 (6th Cir. 2017).

Liberally construing Plaintiff's *pro se* Complaint in her favor, she seeks relief under 42 U.S.C. § 1983. Two essential elements support a § 1983 claim: (1) a person acting under the color of state law, (2) deprived a plaintiff of a right protected by the Constitution or laws of the United States. *See Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015).

Plaintiff explains in her Complaint that Miami County, Ohio told her she had

2

received $65,000 in assistance, but she only received $23,000. She continues, "The government has taken all of my child support[.] [O]ut of 60,000 I may have received 3,000." (Doc. No. 2, PageID 23).

In March (presumably in 2020), Plaintiff's ex-husband, who lives in Florida, contacted her to ask why she raised his child-support payments. She states, "I told him I did not know he was paying child support[.] Our kids are 37 years old and Miami County raised child support[.]" *Id*. She reports that she began receiving child support in March. She sent certified letters to the Supreme Courts of Florida and Ohio but has not received compensation from either. She also filed a case in the Ohio Court of Claims seeking to recover $777. She says she proved her case during a hearing but ultimately lost her case. *Id*.

Accepting Plaintiff's allegations as true and liberally construing her Complaint in her favor does not reveal a plausible § 1983 claim against any Defendant. Her claims against the Ohio Court of Claims fail as a matter of law because it, like other Ohio courts, is not an entity capable of being sued under § 1983. *See Simmons v. Sigler*, No. 2:19cv4108, 2020 WL 2557051, at *3 (S.D. Ohio 2020) (and cases cited therein). This conclusion likewise applies to Plaintiff's claims against Ohio Job and Family Services-State Hearings Department. *See id*; *see also Banks v. Mahoning Cnty. Child Support Agency*, No. 4:18cv2811, 2019 WL 2451633, at *2 (N.D. Ohio 2019).

The doctrine of absolute immunity bars Plaintiff's claims against Judge Jeannine ("Jenni" to Plaintiff) Pratt of the Miami County, Ohio Court of Common Pleas. *See Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Plaintiff, moreover, alleges no facts

3

about an act or omission by Judge Pratt that violated her constitutional rights. Her § 1983 claims against Judge Pratt are therefore conclusory and implausible. *See Iqbal*, 556 U.S. at 678.

Plaintiff's claims against Ohio Attorney General Dave Yost "in his official capacity" collapse as a matter of law under the weight of the Eleventh Amendment to the United States Constitution. "A suit against a state official in his official capacity seeking monetary damages for violations of § 1983 is barred by the Eleventh Amendment because such a suit is, in fact, a suit against the state." *Williams v. Leslie*, 28 F. App'x 387, 388-89 (6th Cir. 2002) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). And Plaintiff's Complaint raises no facts concerning an act or omission by Attorney General Yost that violated her constitutional rights. Her § 1983 claims against Attorney General Yost are therefore conclusory and implausible. *See Iqbal*, 556 U.S. at 678.

Accordingly, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. No. 2) be dismissed; and
2. The case be terminated on the Court's docket.

November 5, 2020                             *s/Sharon L. Ovington*
                                                                     Sharon L. Ovington
                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).